NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO PAULO RODRIGUES LORADOR; PAULO RENATO RODRIGUES LORADOR, Plaintiffs-Appellants, v. MICHELLE KOLEV; et al., Defendants-Appellees. | No.   22-15491 D.C. No. 2:21-cv-01650-GMN-BNW MEMORANDUM* |
| MARCO PAULO RODRIGUES LORADOR; PAULO RENATO RODRIGUES LORADOR, Plaintiffs-Appellees, v. MICHELLE KOLEV; et al., Defendants-Appellants. | No.   22-15517 D.C. No. 2:21-cv-01650-GMN-BNW |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted April 20, 2023

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and S. MURPHY, III[**] District Judge.

Appellants Marco Paulo Rodrigues Lorador and Paulo Renato Rodrigues Lorador (Alexis Brothers) performed a hand-balancing routine for Cirque du Soleil called "Peace and Discord." They registered the routine as choreography with the United States Copyright Office in 2003.

The Alexis Brothers stopped performing Peace and Discord in 2020 because of the COVID-19 pandemic. After performances resumed in 2021, Cirque du Soleil hired Appellees and Cross-Appellants Kolev Sisters, another hand-balancing duo, instead of the Alexis Brothers. The Alexis Brothers alleged copyright infringement against Defendants Kolev Sisters, Cirque du Soleil, and Treasure Island, LLC, and moved for a preliminary injunction.

Before us is a cross-appeal of the district court's order granting in part and denying in part the Alexis Brothers' motion for a preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292, and we review the district court's order for an abuse of discretion. *Gorbach v. Reno*, 219 F.3d 1087, 1091 (9th Cir. 2000).

"Absent direct evidence of copying, proof of infringement involves fact-

---

[**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

based showings that the defendant had access to the plaintiff's work and that the two works are substantially similar." *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1065 (9th Cir. 2016) (cleaned up). To determine substantial similarity, we use a two-part test: the intrinsic test and the extrinsic test. *Id.* at 1065–66 (quotation omitted). The intrinsic test focuses on whether the ordinary, reasonable observer would find the works substantially similar in the "total concept and feel of the work[]." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (quotation omitted). "The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria." *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004) (citation omitted). The extrinsic test proceeds in three steps:

> (1) the plaintiff identifies similarities between the copyrighted work and the accused work; (2) of those similarities, the court disregards any that are based on unprotectable material or authorized use; and (3) the court must determine the scope of protection ("thick" or "thin") to which the remainder is entitled "as a whole."

*Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020) (quoting *Apple Comput., Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994)). And the extrinsic test requires "analytical dissection of a work and expert testimony." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (citing *Apple*, 35 F.3d at 1442), *overruled on other grounds by Skidmore v. Zeppelin*, 952 F.3d 1051, 1066 (9th Cir. 2020) (en banc).

The district court correctly determined that the Alexis Brothers had a valid copyright and that the Kolev Sisters had access to "Peace and Discord."  But the district court did not analyze sufficiently, under the second step of the extrinsic test, similarities between the two routines that were protectable by copyright.  *See Corbello*, 974 F.3d at 974 ("[O]f those similarities, the court disregards any that are based on unprotectable material or authorized use . . . .").  Because the district court must disregard any similarities that contain unprotectable material, "it is essential to distinguish between the protected and unprotected material in a plaintiff's work."  *Swirsky*, 376 F.3d at 845 (collecting cases).  The district court simply claimed that "Peace and Discord" was "*a sequence of uncopyrightable elements* that are already in the public domain."  It did not address what the "uncopyrightable elements" were, which similar elements were protectable, or why the elements were protectable and others were not.  Simply put, the district court did not perform an analysis based on sufficient "external, objective criteria" to determine which aspects of the routine were protectable by copyright.  *Swirsky*, 376 F.3d at 845 (citation omitted).  And given the highly technical nature of the case, the district court could not have done so without the benefit of expert testimony.

We recognize the challenges inherent in determining whether hand-balancing routines are protectable by copyright.  And we recognize the court's

4

thorough analysis of the evidence.  But that analysis fell short of the "analytical dissection" required for the extrinsic test.  *Id.*  We therefore vacate the district court's order granting in part the preliminary injunction and remand for the district court to reconsider the extrinsic test with the benefit of expert testimony.

The order granting in part the preliminary injunction is **VACATED**.